NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERYKA JIMENEZ, *Appellant.*

No. 1 CA-CR 16-0533
FILED 5-23-2017

Appeal from the Superior Court in Yavapai County
No. V1300CR201580348
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Farnum, Phoenix
By Nicole T. Farnum
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

**C A T T A N I**, Judge:

¶1        Eryka Jimenez appeals her conviction of facilitated shoplifting, a class 4 felony, and the resulting imposition of probation. Jimenez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous.   Jimenez was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        One evening in early July 2014, Jimenez and a friend went to a retail clothing store in Sedona.  Soon after entering the store, Jimenez took a blouse on a hanger from a standing rack.  She then walked behind the rack and appeared to replace the hanger without the blouse on it.  A surveillance video showed Jimenez (who was partially concealed behind the rack) drop her purse strap off her left shoulder and move her right arm across her body, consistent with placing an item in her purse.  She then emerged from behind the rack without the blouse.

¶3        The store's loss prevention officer observed Jimenez's actions and followed her on video and in person as she continued to shop for approximately 20 minutes.  When Jimenez left the store without paying for the blouse, the loss prevention officer followed her out and confronted her in the parking lot.  Jimenez denied having the blouse and, after an altercation, she and her friend drove away.  The loss prevention officer called the police, and Jimenez was arrested the next day and charged with facilitated shoplifting.  *See* Ariz. Rev. Stat. § 13-1805(A)(1), (I) (defining facilitated shoplifting, a class 4 felony, as shoplifting during which the defendant "uses an artifice, instrument, container, device or other article

with the intent to facilitate shoplifting").[1]  A jury found her guilty, and the court suspended sentence and imposed 3 years' probation.  Jimenez timely appealed.

## DISCUSSION

**¶4**	We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.

**¶5**	Jimenez was present and represented by counsel at all critical stages of the proceedings against her.  The record reflects that the superior court afforded Jimenez all her constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's guilty verdict.  Jimenez's term of probation falls within the range prescribed by law.

## CONCLUSION

**¶6**	Jimenez's conviction and the imposition of probation are affirmed.  After the filing of this decision, defense counsel's obligations pertaining to Jimenez's representation in this appeal will end after informing Jimenez of the outcome of this appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Jimenez shall have 30 days from the date of this decision to proceed, if she desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]	Absent material revisions after the relevant date, we cite a statute's current version.